# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KENNETH BURNETT BLACK | * |
| Plaintiff | * |
| v. | *  CIVIL NO. JKB-09-2351 |
| KMART CORPORATION | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Kenneth Burnett Black brought this suit in the Circuit Court of Maryland for Cecil County against Defendant Kmart Corporation ("Kmart"), for personal injuries allegedly caused by Kmart's negligence. (Paper No. 2.) Kmart removed the case to this Court based upon diversity between the parties and the amount of damages, $125,000, claimed by Black. (Paper No. 1.) Kmart has moved for summary judgment. (Paper No. 22.) The issues have been briefed (Paper Nos. 23 & 24), and no hearing is required, Local Rule 105.6. For reasons explained below, the Court will deny Defendant's Motion for Summary Judgment (Paper No. 22).

### *I. Standard for Summary Judgment*

Generally, an award of summary judgment is proper in federal cases when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(c)). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157

(1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine issue of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a defendant's motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine issue for trial, Fed. R. Civ. P. 56(e)(2). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(e)(1).

## II. Background

Plaintiff visited the men's restroom in Defendant's Elkton, Maryland, store on January 10, 2009. (Paper No. 22, Ex. A, Black Dep. 11:9-18, 12:13-22.) He stepped into the "handicapped" stall, slipped on a wet floor, and fell. (*Id.* 14:17—16:4.) He has claimed his back and right leg were injured from the fall. Black had not noticed water on the floor before he fell, but said that, after his fall, he noticed the source of the water was a leak from the toilet. (*Id.* 16:10-11, 17:2-6.) He does not know how long the water had been there. (*Id.* 18:2-4.) Black's former brother-in-law, Christopher Murray, said he had visited the same restroom a few days earlier and had noticed water on the floor of the "handicapped" stall; he further noticed that water was dripping from the back of the toilet. (Paper No. 22, Ex. B, Murray Dep. 8:18-22,

2

9:11-22, 10:3-16.) Murray said he mentioned the water to the Kmart service-desk personnel before exiting the store. (*Id.* 10:18—11:16.) Kmart disputes liability.

### III. Analysis

As a business invitee, Black was owed a duty by Kmart to maintain the premises in a reasonably safe condition. *Rowley v. Mayor and City Council of Baltimore*, 505 A.2d 494, 497 (Md. 1986). *See also Tennant v. Shoppers Food Warehouse*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997) (defendant has "a duty to exercise reasonable care to 'protect the invitee from injury caused by an unreasonable risk' that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care. The duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers.") (citations omitted).

Plaintiff has the burden of proof in this case to show that Defendant created the dangerous condition or had actual or constructive knowledge of its existence. *Lexington Market Authority v. Zappala*, 197 A.2d 147, 148 (Md. 1964). Further, Defendant's knowledge must have been gained in sufficient time to give it an opportunity to remove the dangerous condition or to warn the invitee. *Joseph v. Bozzuto Mgmt. Co.*, 918 A.2d 1230, 1235 (Md. Ct. Spec. App. 2007).

Kmart contends Black has not produced evidence that satisfies his burden of proof. Defendant argues Black has failed to provide evidence that Kmart created the hazard, the first method for establishing liability under the Maryland case law. (Paper No. 22, Supp. Mem. at 5.) Black responds, without citation of factual or legal authority, that Kmart created the condition of the leaking toilet. (Paper No. 23 at ¶ 11.) The Court agrees that no evidence supports a finding that Kmart created the hazardous condition.

The second means of imposing liability on a landowner is premised upon actual knowledge of the existence of a dangerous condition. Viewing the evidence in the light most favorable to Black and drawing all reasonable inferences in his favor, the Court concludes that sufficient evidence exists to create a genuine issue of material fact on this issue. Murray's deposition testimony that he notified Kmart service-desk personnel of the water on the floor in the men's restroom several days before Black's fall, and drawing the reasonable inference that the water leak in the same location was not fixed by the time Black visited the store, is sufficient for a finder of fact to render a verdict in Black's favor as to Kmart's actual knowledge of the dangerous condition.

The third method of establishing liability is constructive knowledge by the landowner of the hazardous condition. "Constructive knowledge" has been defined by the Maryland Court of Appeals:

> [T]he customer cannot recover unless it appears that the storekeeper could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it.

*Rawls v. Hochschild, Kohn & Co.*, 113 A.2d 405, 409 (Md. 1955). On these facts, a finder of fact could find that Kmart, with an uncontested duty to inspect the premises, had not performed its duty in a timely fashion during the period of several days when Murray and Black had used the restroom.

This is not to say that any of these conclusions is inevitable. However, this case is clearly inappropriate for summary judgment.

*IV. Conclusion*

The Court concludes that genuine issues of material fact prevent the entry of summary judgment. Accordingly, Defendant's Motion for Summary Judgment (Paper No. 22) will be denied by separate order.

Dated:   June 4, 2010                              /s/
                                                   James K. Bredar
                                                   United States Magistrate Judge